Date signed November 28, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                         :
                                               :
SABRINA J. HICKS                               :        Case No. 10-37405PM
                                               :              Chapter 13
                    Debtor                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

This bankruptcy case under Chapter 13 came before the court on November 6, 2012, for a status conference on the Objection to the Notice of Postpetition Mortgage Fees filed by America's Servicing Company ("ASC") and Request for Sanctions (D.E. #62) and the Response thereto (D.E. #71).  At the same time, the court held a preliminary hearing on the Motion of ASC (D.E. #73) to vacate the court's Order entered May 4, 2012, sustaining an Objection to the proof of claim filed September 26, 20122, by ASC, as servicing agent for U.S. Bank National Association as amended March 2, 2012.  ASC did not respond to the objection to the proof of claim.

Although Debtor scheduled the claim of ASC as a disputed debt, she relied upon the existence of the ASC claim as the foundation for her Motion to Avoid the Lien of Wells Fargo Bank, N.A., as a wholly unsecured junior lien creditor pursuant to the rulings in such cases as *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009).  On one hand she asserted the validity of the ASC lien when it suited her purpose.  On the other hand, she asserts its invalidity. She cannot have it both ways.  Debtor is barred by the doctrine of judicial estoppel from asserting one position in the lien avoidance action and a mutually inconsistent action position in this action.  The three-part test of *King v. Herbert J. Thomas Memorial Hosp.,* 159 F.3d 192, 196

(CA4 1998), is applicable here.  Debtor urged that the senior lien was valid in order to obtain avoidance of the junior lien, and the court accepted that argument.

Aside from the presence of judicial estoppel, the court finds some cause to hold a hearing to  reconsider the Order Sustaining the Objection to the proof of claim.  As pointed out in ASC's Motion to Vacate, the Objection was not served in accord with this court's Local Rule 3007-1 that requires service of the Objection upon the creditor at the address for notices set forth on the proof of claim.  For this reason, the court will schedule a hearing on ASC's Motion to Vacate the Order Sustaining Objection, pursuant to Bankruptcy Rule 3008, **on December 10, 2012, at 2:00 p.m.**. at which time the court will also consider the matters raised by the Debtor's Objection and Request for Sanctions.

In concluding, it is apparent that some entity is secured by the purchase money deed of trust executed by the Debtor on August 17, 2005.  Debtor argues that ASC has no standing to file a proof of claim for the holder of the claim.  That issue will be determined at the hearing. Whatever the result, the lien will not disappear.


cc:
Matthew G. Summers, Esq., 300 E. Lombard Street, 18th Floor, Baltimore, MD 21202
Michael B. Shaw, Brice Vander Lindern & Wernick  P.O. Box 829009, Dallas, TX 75382-9909
Christina E. Shin, Esq., 5906 Hubbard Drive, Suite 4-A, Rockville, MD 20852
Sabrina J. Hicks, 13411 Shady Knoll Drive, Apt. #216, Silver Spring, MD 20904
America's Servicing Company, Bankruptcy Dep't /MAC:X7801-014
  37 Stateview Blvd., Fort Mill, SC 29715
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770


**End of Memorandum**